

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00080-CR

LANDON PAUL WHITTEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 23-0167X

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Landon Paul Whitten filed an untimely notice of appeal from his conviction for possessing a controlled substance and the resulting sentence of twenty months' confinement in state jail.[1]  We dismiss the appeal for want of jurisdiction.

The judgment of conviction in this matter indicates that Whitten's sentence was imposed on March 13, 2024, and Whitten did not file a motion for new trial.  As a result, Whitten's notice of appeal was due thirty days from the date sentence was imposed, or on or before April 12, 2024.  *See* TEX. R. APP. P. 26.2(a)(1).  Whitten's notice of appeal was filed on April 18, 2024, which is beyond the April 12 deadline.  The notice of appeal, therefore, was untimely.

We notified Whitten by letter that his notice of appeal appeared to be untimely and that the appeal was subject to dismissal for want of jurisdiction.  We gave Whitten ten days to respond to our letter and demonstrate how we had jurisdiction over the appeal notwithstanding the noted defect.  Whitten responded by filing a motion to extend the deadline for filing his notice of appeal.

Rule 26.3 of the Texas Rules of Appellate Procedure establishes the procedure for obtaining an extension of time in which to file a notice of appeal.  Under Rule 26.3, an appellate court has the discretion to grant an extension of time in a criminal matter if, and only if, within fifteen days after the deadline for filing the notice of appeal, the appellant (1) files the notice of appeal in the trial court and (2) files a motion seeking an extension of time in the appellate court. TEX. R. APP. P. 26.3.  While Whitten satisfied the first requirement, he failed to satisfy the

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.).

2

second. Whitten did file a motion in this Court seeking an extension of the deadline for filing his notice of appeal, but he did not do so within fifteen days after the deadline for filing such notice. As previously stated, the deadline for filing the notice of appeal was April 12, 2024, making April 29, 2024, the deadline for filing a motion for an extension of time under Rule 26.3. Whitten's motion was filed in this Court on May 2, 2024, making it untimely. The Texas Court of Criminal Appeals has expressly held that the failure to timely file a motion for extension of time under such circumstances deprives this Court of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam).

Because Whitten has not timely perfected his appeal, we dismiss the appeal for want of jurisdiction.

Charles van Cleef
Justice

Date Submitted:    May 15, 2024
Date Decided:     May 16, 2024

Do Not Publish